919 F.2d 738
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lamont James MILLER, Plaintiff-Appellant,
v.
Gene E. BORGERT, J. Makowski, D. Thomas, Sgt., M. Niles, Van
Sumerin, G.E. Slusher, J. Richardson, D. Bartels,
Hamilton, Dr., Defendants-Appellees.
 No. 90-1314.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1990.
 
 1
 Before DAVID A. NELSON, Circuit Judge, and LIVELY and JOHN W. PECK Senior Circuit Judges.
 
 ORDER
 
 2
 Lamont James Miller appeals pro se from a district court order granting the defendants' motion for summary judgment in this civil rights case filed pursuant to 42 U.S.C. Sec. 1983. The defendants are eight prison officials who were employed at the Huron Valley Men's Facility in Ypsilanti, Michigan, at the time in question. Defendant Hamilton was dismissed by the district court for lack of prosecution, and the defendant did not contest this decision on appeal.
 
 
 3
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In his complaint, Miller alleged that he was the victim of an unprovoked assault by three of the named officials, under the direction and orders of the five remaining defendants. Miller also alleged that he was thereafter placed in an unsanitary cell, in solitary confinement, without a prior hearing, for 17 days. He stated that, during this time, he had no light, no water, no clothing, no mattress, that he was in leg irons, belly chains and handcuffs for this duration of time and that, also during this time, his food was thrown onto his filthy cell floor through a "food slot" window. Miller also claimed that human waste and urine covered the walls, floor, ceiling, windows, vents, radiator, cement bed slab, door, sink and toilet and that insects and glass also covered the floor. Miller's complaint further contained allegations that he was denied adequate medical treatment, access to reading and religious materials, and access to the courts.
 
 
 5
 Upon review, we conclude that the district court correctly granted summary judgment to the defendants on the estoppel, unreasonable force, medical attention, access to the courts, and first amendment claims. See Allen v. McCurry, 449 U.S. 90, 103-04 (1980); Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Bounds v. Smith, 430 U.S. 817, 820 (1977); and Bell v. Wolfish, 441 U.S. 520, 545-47 (1979).
 
 
 6
 However, the pleadings, affidavits and other materials on file fail to show that there is no genuine issue of material fact concerning Miller's claim that the conditions of the solitary confinement in which he was kept for 17 days violated his eighth amendment right not to be subjected to cruel and unusual punishments. The district court made no definitive ruling as to whether the defendants are entitled to judgment in their favor on this claim under the doctrine of qualified immunity, and we decline to decide that issue without benefit of meaningful analysis by the district court. Accordingly, pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, the order granting summary judgment is vacated insofar as it relates to the conditions of the 17-day period of solitary confinement, and the case is remanded for further proceedings with respect to that claim and any pendent state-law claims the district court may deem it appropriate to consider in connection therewith. The district court's judgment is affirmed in all other respects, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.